In the Matter of the Arbitration between AMERICAN SILK MILLS CORPORATION (DELAWARE), Appellant, and MEINHARD-COMMERCIAL CORPORATION et al., Respondents.

First Department, November 5, 1970.

John J. Sheehy of counsel (Caesar L. Pitassy with him on the brief; Royall, Koegel & Wells, attorneys), for appellant.

David Sklaire of counsel (Frederic P. Houston, Melvin Liebowitz and Carroll G. Moore with him on the brief; Otterbourg, Steindler, Houston & Rosen, P. C., attorneys), for respondents.

EAGER, J. P.  The petitioner appeals from an order and judgment which denied its application for a stay of arbitration and which granted the cross application of respondents to compel arbitration.

In February, 1969, the respondents ("seller") sold to the petitioner ("buyer") certain real property, improvements, and an inventory of unprocessed yarn, raw materials, goods in process, greige goods and supplies, with provision that said

inventory should be valued "pursuant to generally accepted accounting principles on a basis consistent with the basis applied by American [a seller] and approved by Aronson & Oresman [seller's accountants] * * * in preparing the financial statements of [seller] as at June 2, 1968". It was further provided: "American [seller] will permit New American's [buyer's] independent accountants, S. D. Leidesdorf & Co., to observe the physical taking of the inventory and to have recourse, should they consider it necessary, to the working papers of Aronson & Oresman and the accounting records of American [seller] for the purpose of inquiring as to the methods followed in determining the value of inventory. In the event of any disagreement between Aronson & Oresman and S. D. Leidesdorf & Co. as to the value of inventory, the matter shall be referred, together with the pertinent working papers, to Arthur Anderson & Co. (or such other national accounting firm as the parties may agree upon) for determination within thirty (30) days after such referral, and such determination shall be final and binding on the parties for the purposes of this Agreement."

In accordance with the agreement between the parties, the Aronson & Oresman accounting firm (Aronson) did prepare an inventory of the raw materials, goods and supplies transferred to the buyer and the report thereof was delivered to the buyer in July of 1969. There was due compliance with the provisions of the agreement whereby S. D. Leidesdorf & Co. (Leidesdorf), the buyer's accountants, were to have the opportunity of observing the taking of the inventory and of having recourse to the working papers of Aronson. The parties have however failed to agree as to the value of the inventory and, notwithstanding the provisions of the agreement therefor, there has been no reference of the matter to Arthur Andersen & Co. or to any other national accounting firm as agreed.

The seller, in view of this disagreement between the parties, and seeking to recover payment for the goods and supplies delivered to the buyer, demands an arbitration of its claim. The right to arbitration is based upon the general clause in the agreement between the parties that "in the event of any dispute between the parties under this agreement, the matter shall be settled by arbitration in the City of New York in accordance with the rules then obtaining of the American Arbitration Association."

In seeking a stay of arbitration, it is the buyer's position that, at this time, the arbitration clause is inapplicable in view of the specific provision in the agreement for a reference of the valua-

tion of the inventory to a third accounting firm. We conclude that there is merit in this position and that, on the basis of well-settled principles and particularly on the authority of *Matter of Dimson (Elghanayan)* (19 N Y 2d 316), arbitration as demanded should be stayed.

The right to arbitration in commercial matters depends upon the agreement of the parties and it is clear that the parties may engraft conditions thereupon or limit such right. A party cannot be compelled to submit to the arbitration of disputes with another unless he has clearly contracted to do so. (*Matter of Writers Guild* [*Prockter Prods.*], 1 N Y 2d 305.) "As the Supreme Court wote in *Steelworkers* v. *American Mfg. Co.* (363 U. S. 564, 570–571) : ' Since arbitration is a creature of contract, a court must always inquire ⁚ * * whether the parties have agreed to arbitrate the particular dispute ' " (*Matter of Dimson* [*Elghanayan*], *supra*, pp. 324–325). " It is fundamental that the right to compel a resort to arbitration arises by contract only and is limited to such matters as are embraced in the contract " (*Matter of Perrin* v. *Stempinski Realty*, 15 A D 2d 91, 92).

Accordingly, although parties have broadly agreed to the arbitration of any dispute arising under a contract, they may limit such agreement by also providing that, independent of the arbitration agreement, the value of the property involved in a particular contracted for transaction shall be fixed by appraisers. In such case, the courts are empowered to " enforce such an [appraisal] agreement as if it were an arbitration agreement " and to treat the proceeding brought to effect its enforcement as one brought under article 75 of the CPLR relating to arbitration. (See *Matter of Dimson* [*Elghanayan*], *supra*, p. 324. See, also, CPLR 7601; 8 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 7601.02.) Under such circumstances, the contract between the parties is considered in effect as providing " for two instances of arbitration ", and the existence " of both appraisal and arbitration clauses gives rise to an issue of arbitrability, an issue which it is for the courts rather than the arbitrators to resolve " (*Matter of Dimson* [*Elghanayan*], *supra*, p. 324).

In determining the issue of arbitrability, the court should seek and give effect to the intent of the parties as disclosed by the contract considered as a whole. Here, it was expressly provided that the inventory valuation fixed by the third accounting firm was to be " final and binding on the parties for the purposes of this Agreement ", and upon reading the contract as a whole, we conclude that the parties intended to remove that particular matter from consideration by an arbitrator. " In other words,

the [third accountant's] valuations were deemed by the parties to serve in this case the function which an arbitrator's award fixing values would have served in another case." (*Matter of Dimson* [*Elghanayan*], *supra*, p. 325.)

There is no merit to the seller's contention that arbitration is required at this time because there exists a dispute as to whether or not there was in fact a disagreement between the accountants Aronson and Leidesdorf as to the value of the inventory and thus a proper basis for reference of the matter to a third accountant. It is apparent from the record that there has indeed been such a disagreement or, perhaps more aptly, the significant fact is that there has been a failure to agree. Under the circumstances, the failure to agree after a reasonable time is tantamount to a disagreement.

Likewise lacking in merit is the seller's argument that arbitration should proceed because the buyer has refused to participate in a reference of the matter to the third accountant and has by such refusal and its laches waived the right to seek the valuation by the third accountant as provided in the agreement. There is no evidence in the record to support the claim of waiver. Inasmuch as the accountants Aronson and Leidesdorf have failed to agree as to the value of the inventory and if there had been a refusal or failure to refer the valuation to Arthur Andersen & Co. or another third accountant, a remedy is provided by CPLR 7601. That section should be utilized to procure the specific enforcement of the agreement for the fixing of the valuation of the inventory of goods and supplies. An arbitration for the purpose of recovering payment for these items is prematurely maintained and not authorized.

The order and judgment entered herein on June 8, 1970 should be reversed and vacated, on the law, with costs and disbursements to the petitioner-appellant, and judgment should be entered staying the arbitration sought by the respondents by their demand dated April 15, 1970, with taxable costs of the proceeding.

CAPOZZOLI, NUNEZ and STEUER, JJ., concur.

Order and judgment (one paper), Supreme Court, New York County, entered on June 8, 1970, unanimously reversed and vacated, on the law, the application granted and the cross motion denied, and the Clerk is directed to enter judgment in favor of petitioner staying the arbitration sought by respondents by their demand dated April 15, 1970, with taxable costs of the proceeding. Appellant shall recover of respondents $30 costs and disbursements of this appeal.