**Norman KATZ, Petitioner–Appellant,**

**v.**

**Herbert FEINBERG, Respondent–Appellee.**

**Docket No. 01–7776.**

United States Court of Appeals, Second Circuit.

Argued: April 26, 2002.

Decided: May 13, 2002.

Ronald C. Minkoff, Frankfurt, Garbus, Kurnit, Klein & Selz, P.C., New York, NY, for Petitioner–Appellant.

Steven G. Storch, Storch, Amini, & Munves, New York, NY, for Respondent–Appellee.

Before F.I. PARKER, STRAUB, SOTOMAYOR, Circuit Judges.

PER CURIAM.

Norman Katz appeals from the order of the United States District Court for the Southern District of New York (Charles S. Haight, *Judge*) vacating, pursuant to Section 9 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, et al, a finding in his favor made by an arbitration panel against his former business partner Herbert Feinberg. Because this Court agrees with the district court's determinations that neither the arbitrability of the valuation provision of the parties' Purchase Agreement nor the valuation provision itself was subject to arbitration, we affirm the district court's vacatur.

The facts of the controversy are thoroughly described in the opinion of the district court, 167 F.Supp.2d 556 (S.D.N.Y. 2001). For purposes of this brief opinion, we describe only two key provisions of the detailed Purchase Agreement governing the sale of Katz's one-half interest in an apparel manufacturing company to his former partner and co-owner Feinberg. The first relevant provision assigns determination of the "Final Share Purchase Price," based on the company's 1995 financial statements, to the company's long-standing accountants and specified that "[t]he determination by the Company Accountants of the final purchase price of the Shares ... shall be final and binding on Seller and Buyer and shall not be subject to any appeal, arbitration, proceeding, adjustment or review of any nature whatsoever." Purchase Agreement § 2(b). The second assigns all disputes under the agreement to arbitration in New York, New York under the rules of the American Arbitration Association. Purchase Agreement § 14(g). When the company accountants returned a valuation substantially lower than expected, Katz sought to have the accountants' determination declared invalid by an arbitration panel pursuant to the general arbitration clause, while Feinberg appealed to the arbitration panel to rescind the Purchase Agreement and refund money towards the purchase he had already paid to Katz. The arbitration panel ultimately took jurisdiction over the dispute and declared the accountants' determination flawed, computing a new Final Share Purchase Price $607,000 higher than the accountants' figure. Katz sought approval of this award in the district court and Feinberg cross-moved for vacatur of the new valuation under the FAA. The district court found that the parties' Purchase Agreement committed review of the valuation determination to the Company Accountants, not the arbitration panel. The court concluded, therefore, that the arbitration board, in reviewing and revising the Accountants' valuation determination, had exceeded its authority under the Agreement. The court thus vacated that portion of the arbitration panel's decision regarding the Company Accountants' valuation pursuant to 9 U.S.C. § 10(a)(4) (allowing vacatur where an arbitrators have "exceeded their powers").

Although we affirm primarily for substantially the same reasons stated in Judge Haight's thorough and scholarly opinion below, we write briefly to distinguish this Court's existing precedent on the arbitrability of arbitration clauses and to note the importance of the dominance of specific over general arbitration provisions in the resolution of the arbitrability of the valuation provision at issue in this case.

■ Addressing first the question of who should determine whether the valuation provision was arbitrable, this Court finds, as did the district court, that the

parties did not agree to arbitrate questions of arbitrability. Under *First Options of Chicago, Inc. v. Kaplan,* a court should find that the parties agreed to allow an arbitrator to resolve questions of whether an issue is arbitrable only if the agreement so provides in "clear and unmistakable" language. 514 U.S. 938, 944, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995). Although this Court has previously held that a broadly worded arbitration clause committing resolution of all disputes to arbitration satisfied this "clear and unmistakable" standard, *see PaineWebber Inc. v. Bybyk,* 81 F.3d 1193, 1199 (2d Cir.1996), we cannot conclude that in this case where a single agreement contains both a broadly worded arbitration clause and a specific clause assigning a certain decision to an independent accountant, that the parties' intention to arbitrate questions of arbitrability under the broad clause remains clear. We find the presence of both these clauses creates an ambiguity, which, under *First Options,* requires us to assign questions of arbitrability to the district court, not the arbitrator. *See* 514 U.S. at 944, 115 S.Ct. 1920.[1] On these grounds, we affirm the district court's conclusion that determination of the arbitrability of arbitrability lay with it and not with the arbitration panel, and that, therefore, de novo review of the panel's arbitrability findings was appropriate.

[redacted] This Court also agrees with the district court's conclusion that the separate valuation provision in § 2(b) of the Purchase Agreement removed the determination of the Final Share Purchase Price from the arbitration panel. While we find the district court's analysis compelling, we find important, additional grounds for our affirmation. This Court has previously noted that under normal circumstances, when an agreement includes two dispute resolution provisions, one specific (a valuation provision) and one general (a broad arbitration clause), the specific provision will govern those claims that fall within it. *See Blue Tee Corp. v. Koehring Co.,* 999 F.2d 633 (2d Cir.1993); *see also Whirlpool Corp. v. Philips Elec., N.V. (In re Whirlpool Corp.),* 848 F.Supp. 474, 479 (S.D.N.Y.1994)(finding well established the rule that "disputes under agreements containing both specific and general arbitration clauses must be arbitrated under the particularized clauses"); *Am. Silk Mills Corp. v. Meinhard–Commercial Corp. (In re Am. Silk Mills),* 35 A.D.2d 197, 200, 315 N.Y.S.2d 144 (N.Y.App.Div.1970)(noting inclusion of valuation and arbitration provision showed intent to use valuation provision in certain cases); *Dimson v. Elghanayan (In re Dimson),* 19 N.Y.2d 316, 325, 280 N.Y.S.2d 97, 227 N.E.2d 10 (N.Y.Ct.App.1967) (finding inclusion of specific valuation provision showed intent to remove valuation determinations from general arbitration clause). We find the rule favoring specificity appli-

1. Katz also relies on *Abram Landau Real Estate v. Bevona* to support his argument that the broad arbitration provision commits resolution of arbitrability disputes to the arbitration panel. In *Abram Landau,* the Court noted its reluctance to read *First Options* to require courts to make broad arbitration clauses ineffective in assigning arbitrability question to the arbitrator. 123 F.3d 69, 73 (2d Cir.1997). The Court determined that the arbitrability of the issue in questions should be determined by the arbitrators, not the court, because the parties' agreement included a broadly worded provision with no apparent carve-outs. *Id.* at 74. The dispute before the court, however, was not over whether the agreement as written would place arbitrability within the arbitrator's authority, but over whether an "evergreen" provision had renewed the agreement after it reached its expiration date. *Id.* at 74. Thus, while the dicta of *Abram Landau* supports the same general proposition as *Bybyk,* the holding in that case, finding evaluation of the evergreen clause within the arbitrator's authority, does not affect our resolution of this case.

98

cable in this case. The parties' Purchase Agreement includes both a specific provision, § 2(b), assigning determination of the Final Share Purchase Price to the Company Accountants, and a generally worded arbitration provision, § 14(g), assigning all claims arising from the agreement to an arbitrator. Under existing law, we find that the more specific assignment should govern. Furthermore, the Court notes that in this case, the inclusion in § 2(b) of language not only making the accountants' determination "final and binding," but also excluding it from "any appeal, *arbitration,* proceeding, adjustment or review of any nature whatsoever" further affirms the parties' intent to exclude determinations assigned to the accountants under § 2(b) from later challenge under the general arbitration provision of § 14(g). *See* Purchase Agreement § 2(b) (emphasis added).

In light of existing case law and the strong language of the parties' agreement, we find that the district court correctly found the arbitration panel without the power to evaluate the accountants' determination of the Final Share Purchase Price and affirm the vacatur of the panel's valuation decision.

Having found the district court correct in concluding both that the district court, not the arbitration panel, should determine the arbitrability of the valuation dispute and that the valuation provision was not subject to arbitration under the terms of the Purchase Agreement, this Court affirms the district court's vacatur of the arbitration panel's valuation decision. As the parties' agreement isolated valuation from arbitration, the district court properly ordered the attempt to arbitrate valuation invalid.

AFFIRMED.