SUMMARY ORDER
Appellants Norman Katz and Stephen Katz appeal from the district court’s decision and order affirming the bankruptcy court’s grant of debtor-appellee I. Appel Corporation’s motion to reopen its bankruptcy case to amend its schedule of assets. See Katz v. I.A Alliance Corp. (In re I. Appel Corp.), 300 B.R. 564 (S.D.N.Y. 2003). We assume familiarity with the pleadings and the history of proceedings in the federal courts, including the oral ruling of Bankruptcy Judge Drain, see In re I. Appel Corp., No. 97-42819 (Bankr. S.D.N.Y. Jan. 14, 2003), as well as the related proceedings before Judge Haight, see, e.g., Katz v. Feinberg, 167 F.Supp.2d 556 (S.D.N.Y.2001), aff'd, 290 F.3d 95 (2d Cir.2002); Feinberg v. Katz, No. 99 Civ. 45(CSH), 2002 WL 1751135 (S.D.N.Y. July 26, 2002), and Chief Judge Mukasey, see, e.g., I. Appel Corp. v. Katz, No. 02 Civ. 8879(MBM) (S.D.N.Y. Nov. 5, 2003).
In reviewing the district court’s affir-mance of the bankruptcy court’s ruling, we examine conclusions of law de novo, and findings of fact for clear error. See Cody, Inc. v. County of Orange (In re Cody, Inc.), 338 F.3d 89, 94 (2d Cir.2003). A bankruptcy court may reopen a case “to administer assets, to accord relief to the debtor, or for other cause.” 11 U.S.C. § 350(b). “Decisions by the bankruptcy court granting or denying a motion to reopen ... are not disturbed, absent an abuse of discretion. The reason is that such decisions invoke the exercise of a bankruptcy court’s equitable powers, which is dependent upon the facts and circumstances of each case.” State Bank of India v. Chalasani (In re Chalasani), 92 F.3d 1300, 1307 (2d Cir.1996) (citation omitted). A bankruptcy court abuses its discretion when it arrives at a decision that (i) rests “on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding,” or (ii) “cannot be located within the range of permissible decisions,” even if it is “not necessarily the product of a legal error or a clearly erroneous factual finding.” Schwartz v. Aquatic Dev. Group, Inc. (In re Aquatic Dev. Group, Inc.), 352 F.3d 671, 678 (2d Cir.2003) (internal quotation marks omitted).
The Katzes submit that the district court erred as a matter of law in finding that the reorganization plan complied with the requirements of 11 U.S.C. § 1123(b)(3). Even applying the standard for claims preservation urged by the Katzes, see, e.g., Kelley v. South Bay Bank (In re Kelley), 199 B.R. 698, 704 (9th Cir. BAP1996) (explaining that disclosure statement was insufficient because it failed to “mention the grounds for [the] potential claims”), we disagree. See also Alary Corp. v. Sims (In re Assoc. Vintage Group, Inc.), 283 B.R. 549, 563—64 (9th Cir.BAP2002) (discussing In re Kelley) Taken as a whole, the bankruptcy court filings adequately disclosed to the creditors prior to confirmation of the reorgani *201 zation plan that certain claims against the Katzes were being explored and that any such claims, if pursued, would not be part of the bankruptcy estate. Indeed, the First Amended Disclosure Plan explicitly stated in the context of its discussion of possible “claims by the Debtor against Katz and his son” that “[a]ny recoveries in the referenced potential litigations are not subject to recovery by creditors.” The Katzes point to no evidence contradicting the bankruptcy court’s factual finding, made after review of the record, that there was no “basis for saying that the creditors were misled,” In re I. Appel Corp., No. 97-42819 (Bankr.S.D.N.Y. Jan. 14, 2003), at 44, by the bankruptcy filings’ characterization of the status of the possible causes of action against the Katzes. Accordingly, the Katzes’ attempt to demonstrate abuse of discretion through erroneous application of law fails.
We similarly reject the Katzes’ argument that judicial estoppel barred I. Appel Corporation from moving to reopen the bankruptcy proceeding to amend asset schedules. The Katzes cite no case law applying judicial estoppel to bar reopening. Even assuming the availability of the judicial estoppel doctrine in cases such as this one, it affords no relief here. Judicial estoppel requires “a true inconsistency between the statements in the two proceedings. If the statements can be reconciled there is no occasion to apply an estoppel.” Wight v. Bankamerica Corp., 219 F.3d 79, 90 (2d Cir.2000) (internal quotation marks omitted). Because the bankruptcy and district courts reasonably concluded that claims against the Katzes were disclosed with sufficient specificity prior to confirmation of the reorganization plan, there was no true inconsistency between the original and amended plans. Cf. Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. General Motors Corp., 337 F.3d 314, 320 (3d Cir. 2003) (affirming application of judicial estoppel bar where district court found debt- or had “concealed] the claims from creditors in the hope of retaining any recovery for itself’); Burnes v. Pemco Aeroplex, Inc., 291 F.3d 1282, 1284 (11th Cir.2002) (affirming application of judicial estoppel bar to monetary claims where bankruptcy court, bankruptcy trustee, and creditors “never knew about the pending lawsuit”); Browning v. Levy, 283 F.3d 761, 775—76 (6th Cir.2002) (applying judicial estoppel analysis where bankruptcy filings had included only a blanket reservation of rights clause, but concluding that, because omission of cause of action was inadvertent, judicial estoppel was not appropriate); In re Koch, 229 B.R. 78, 88 (Bankr.E.D.N.Y. 1999) (deferring, for consideration by state court, argument that judicial estoppel barred state court claim that had been deliberately concealed from trustee).
Finally, we do not agree with the Katzes’ assertion that reopening was improper because the individual creditors received inadequate notice of the motion to reopen. Because the bankruptcy court decided that the filings themselves adequately disclosed the existence of the causes of action, the creditors’ interpretation of the filings is not at issue so as to make the adequacy of reopening notice to them material to the resolution of the Katzes’ challenge.
Accordingly, because the reopening order was well within the discretion of the bankruptcy court and because we find the Katzes’ points on appeal uniformly without merit, the district court’s October 20, 2003 judgment is hereby AFFIRMED.