■ MATTHEW SERINO et al., Appellants, v KENNETH LIPPER, Respondent, et al., Defendants. [866 NYS2d 159]—

Order, Supreme Court, New York County (Karla Moskowitz, J.), entered May 7, 2007, which granted the motion of defendant Kenneth Lipper to compel arbitration of plaintiffs' putative class action suit before the American Arbitration Association (AAA), unanimously affirmed, without costs.

The court properly granted Lipper's motion to compel arbitration before the AAA, where the parties' partnership agreement contained a broad arbitration clause, requiring, among other things, that "[a]ll disputes and questions whatsoever" arising under the agreement should be submitted to arbitration, either before the National Association of Securities Dealers (NASD) or the AAA. The question of whether NASD rules prohibit class arbitration even before the AAA is a question for the arbitrator (*see Matter of Smith Barney Shearson v Sacharow*, 91 NY2d 39

[1997]; *Green Tree Financial Corp. v Bazzle*, 539 US 444 [2003]; *Vaughn v Leeds, Morelli & Brown, P.C.*, 2005 WL 1949468, 2005 US Dist LEXIS 16792 [SD NY 2005]).

Plaintiffs have failed to demonstrate that Lipper's involvement in other cases related to the factual circumstances of this case constituted a waiver of his right to seek to compel arbitration (*see Stark v Molod Spitz DeSantis & Stark, P.C.*, 9 NY3d 59, 66-67 [2007] [court action must be clearly inconsistent with later claim that the parties must arbitrate claims]; *Flynn v Labor Ready*, 6 AD3d 492 [2004]). Conversely, plaintiffs are not judicially estopped from opposing the motion to compel arbitration merely because they chose not to oppose such motion made by other defendants whom plaintiffs believed were judgment proof (*see e.g. Ford Motor Credit Co. v Colonial Funding Corp.*, 215 AD2d 435, 436 [1995]). Concur—Tom, J.P., Saxe, Williams and Catterson, JJ.