■ EVANGELIA MANIOS ZACHARIOU, Respondent, v VASSILIOS MANIOS, Appellant. [891 NYS2d 54]—

Whether a dispute is arbitrable is generally an issue for the court to decide unless the parties clearly and unmistakably provide otherwise (*Matter of Smith Barney Shearson v Sacharow*, 91 NY2d 39, 45-46 [1997]). Where there is a broad arbitration clause and the parties' agreement specifically incorporates by reference the American Arbitration Association (AAA) rules providing that the arbitration panel shall have the power to rule on its own jurisdiction, courts will "leave the question of arbitrability to the arbitrators" (*Life Receivables Trust v Goshawk Syndicate 102 at Lloyd's*, 66 AD3d 495, 496 [2009], quoting *Smith Barney Shearson* at 47). Here, however, since the parties' agreement contains a narrow arbitration provision, the reference to the AAA rules does not constitute clear and unmistakable evidence that they intended to have an arbitrator decide arbitrability. Thus, that question is for the court to decide in the first instance (*see e.g. Burlington Resources Oil & Gas Co. LP v San Juan Basin Royalty Trust*, 249 SW3d 34, 40-42 [Tex 2007]; *James & Jackson, LLC v Willie Gary, LLC*, 906 A2d 76, 81 [Del 2006]; *see also Katz v Feinberg*, 290 F3d 95, 97 [2d Cir 2002]). *Contec Corp. v Remote Solution Co., Ltd.* (398 F3d 205 [2d Cir 2005]), relied upon by plaintiff, is distinguishable since the contract there contained a broad arbitration clause.

When reviewing a narrow arbitration clause, the court must determine whether the subject of the parties' dispute is on its

face within the purview of the clause or is a collateral matter connected to the main contract (*Gerling Global Reins. Corp. v Home Ins. Co.*, 302 AD2d 118, 126 [2002], *lv denied* 99 NY2d 511 [2003]). Paragraph 10 of the parties' U.S. Agreement provides that an arbitrator will decide the limited issue of "the amount of the Decana Distribution, the Prestige Distribution, the Texas Distributions and/or the Party Distribution." In an earlier appeal from a decision on defendant's motion to compel arbitration, this Court found that such a compensatory damages claim was to be determined by the arbitrator (*Zachariou v Manios*, 50 AD3d 257 [2008]). Read as a whole, plaintiff's notice of arbitration and statement of claim seeks a determination of the amount of the same distributions. The arbitration notice contains a lengthy statement of facts outlining the history of the parties' dispute, but plaintiff does not specifically seek arbitration of the collateral matters mentioned therein. Since the subject matter of the dispute falls within the purview of the arbitration clause, the motion court correctly denied a stay.

Although some of the relief requested in the arbitration, including specific performance and an accounting, appears to fall outside the narrow arbitration clause, that alone is not a basis to stay the arbitration. "An application for a stay will not be granted . . . even though the relief sought is broader than the arbitrator can grant, if the fashioning of some relief on the issue sought to be arbitrated remains within the arbitrator's power" (*Matter of Silverman [Benmor Coats]*, 61 NY2d 299, 309 [1984]). Defendant has failed to show that the matter sought to be arbitrated is beyond the arbitrator's power to grant some relief. We cannot assume in advance that the arbitrator will exceed his powers as delineated in the parties' narrow arbitration provision (*see Board of Educ. of Lakeland Cent. School Dist. of Shrub Oak v Barni*, 49 NY2d 311, 315 [1980]), and in the event the arbitrator does so, the arbitration award will be subject to vacatur (*see* CPLR 7511 [b] [1] [iii]; *Silverman, supra*).

Plaintiff's pursuit of related but legally distinct claims in this and other litigation did not constitute a waiver of her right to arbitrate the amount of the various distributions due the parties (*see Serino v Lipper*, 55 AD3d 472, 473 [2008]), particularly in light of the fact that defendant previously moved to compel arbitration.

We have considered defendant's remaining contentions and find them unavailing. Concur—Tom, J.P., Saxe, Renwick, DeGrasse and Richter, JJ.