Matter of Board of Mgrs. of the 825 W. End Condominium v Grunstein (2021 NY Slip Op 01502)





Matter of Board of Mgrs. of the 825 W. End Condominium v Grunstein


2021 NY Slip Op 01502


Decided on March 16, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 16, 2021

Before: Renwick, J.P., Kapnick, Oing, Moulton, JJ. 


Index No. 657450/19 Appeal No. 13339 Case No. 2020-02304 

[*1]In the Matter of Board of Managers of the 825 West End Condominium, Petitioner-Appellant,
v
Sarah Grunstein, Respondent-Respondent.


Schwartz Sladkus Reich Greenberg Atlas LLP, New York (Ethan A. Kobre of counsel), for appellant.
Rivkin Radler LLP, Uniondale (Cheryl F. Korman of counsel), for respondent.



Order, Supreme Court, New York County (Debra A. James, J.), entered February 13, 2020, which denied the petition to stay arbitration and dismissed the proceeding, unanimously reversed, on the law, without costs, and the stay of arbitration granted.
Petitioner Board of Managers of the 825 West End Condominium (the Board) brings this Article 75 proceeding to stay arbitration commenced by respondent Sarah Grunstein, the owner and resident of an apartment in the condominium building, before the American Arbitration Association. The underlying dispute concerns alleged water leaks and mold in Grunstein's apartment. The issue of whether this dispute falls within the scope of the subject narrow arbitration provision is properly decided by the court in the first instance (see Zachariou v Manios, 68 AD3d 539, 539 [1st Dept 2009]).
A party to an agreement will not be compelled to arbitrate, and thereby surrender the right to resort to courts, in the absence of evidence affirmatively establishing that the parties expressly agreed to arbitrate the dispute at hand (see God's Battalion of Prayer Pentecostal Church, Inc. v Miele Assoc., LLP, 6 NY3d 371, 374 [2006]; Matter of Waldron [Goddess], 61 NY2d 181, 183—184 [1984]). "The agreement [to arbitrate] must be clear, explicit and unequivocal[,] and must not depend upon implication or subtlety" (id. [citations omitted] ).
Here, the bylaws provide for arbitration, in a dispute between a unit owner and the Board, only if the Board "elect[s]" to mediate. If the Board elects to mediate, the parties must proceed to mediate their dispute; and if the mediation is not "successful[]" the parties must then proceed to arbitration. Conversely, if there was no mediation because the Board did not "elect" one, there is no arbitration mandate. It is undisputed that the Board elected not to mediate the instant dispute. Thus, under the circumstances of this case, there was no clear, explicit, and unequivocal agreement between the petitioner and respondent to submit the dispute to arbitration (see Waldron, 61 NY2d at 183—184; Art and Fashion Group Corp. v Cyclops Prod., Inc., 120 AD3d 436 [1st Dept 2014]; see also Messiah's Covenant Community Church v Weinbaum, 74 AD3d 916, 918 [2d Dept 2010]).
Because of our disposition of these issues, we need not reach the parties' arguments with respect to waiver of the right to arbitrate.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 16, 2021