Teshabaeva v Family Home Care Servs. of Brooklyn & Queens, Inc. (2021 NY Slip Op 05654)





Teshabaeva v Family Home Care Servs. of Brooklyn & Queens, Inc.


2021 NY Slip Op 05654


Decided on October 14, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 14, 2021

Before: Kapnick, J.P., Singh, Shulman, Pitt, Higgitt, JJ. 


Index No. 158949/17 Appeal No. 14395 Case No. 2020-03620 

[*1]Maktumma Teshabaeva et al., Plaintiffs-Respondents,
v
Family Home Care Services of Brooklyn and Queens, Inc., et al., Defendants-Appellants.


Ford Harrison LLP, New York (Philip K. Davidoff of counsel), for appellants.
Virginia & Ambinder, LLP, New York (LaDonna M. Lusher of counsel), for respondents.



Order, Supreme Court, New York County (Alexander M. Tisch, J.), entered on or about July 16, 2020, which granted plaintiffs' motion for a permanent injunction against arbitration and denied defendants' cross motion to compel arbitration, unanimously affirmed, with costs.
Based on this Court's decisions in similar cases arising from agreements between SEIU 1199 and various home health care providers to create alternative dispute resolution mechanisms for labor law claims like those asserted by plaintiffs herein, the court properly found that plaintiffs are not bound by the alternative dispute resolution provisions of the 2015 memorandum of agreement (2015 MOA) because they ceased their employment with defendant agencies before the 2015 MOA took effect (see Hichez v United Jewish Council of the E. Side, Home Attendant Serv. Corp., 179 AD3d 576, 577 [1st Dept 2020], lv denied NY3d , 2021 NY Slip Op 71554 [2021]; Konstantynovska v Caring Professionals, Inc., 172 AD3d 486, 487 [1st Dept 2019]). Contrary to defendants' assertion, the collective bargaining agreements predating the 2015 MOA do not compel arbitration of labor law claims under their grievance provisions (see Lorentti-Herrera v Alliance for Health, Inc., 173 AD3d 596 [1st Dept 2019]). Accordingly, plaintiffs were not required to submit their New York Labor Law claims, which allege that they were wrongly denied overtime, hourly and spread-of-hours compensation, to binding arbitration.
Defendants' argument that the opinion and order of the federal District Court in 1199SEIU United Healthcare Workers E. v PSC Community Servs. (520 F Supp 3d 588 [SD NY 2021]) bars plaintiffs' action under res judicata was improperly raised for the first time on appeal (see Matter of Twania B. v James A.B., 172 AD3d 643 [1st Dept 2019]). In any event, the decision in PSC Community Servs., which confirmed an interim arbitration award does not have the res judicata effect urged by defendants. The court made no findings that affect the merits of the issues raised by plaintiffs here, and the federal proceeding and the present state court action do not involve the same parties (see e.g. City of New York v Welsbach Elec. Corp., 9 NY3d 124, 127 [2007]).
Furthermore, "[w]hether a dispute is arbitrable is generally an issue for the court to decide unless the parties clearly and unmistakably provide otherwise" (Zachariou v Manios, 68 AD3d 539, 539 [1st Dept 2009]; see Matter of Steyn v CRTV, LLC, 175 AD3d 1, 10 [1st Dept 2019]). As the court correctly found, the 2000 and 2012 collective bargaining agreements, which mandated arbitration for grievances arising from disputes over the interpretation of the terms of the agreements, did not contain express provisions to submit to arbitration labor law violations that had nothing to do with interpretation of the terms of the CBA. Accordingly, there is no clear and unmistakable evidence that the parties agreed to arbitrate the arbitrability of their labor law claims (Zachariou[*2], 68 AD3d at 539-540).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 14, 2021