Matter of Metropolitan Transp. Auth. v Westfield Fulton Ctr., LLC (2022 NY Slip Op 05008)

Matter of Metropolitan Transp. Auth. v Westfield Fulton Ctr., LLC

2022 NY Slip Op 05008

Decided on August 23, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: August 23, 2022

Before: Acosta, P.J., Manzanet-Daniels, Mazzarelli, Singh, González, JJ. 

Index No. 450428/21 Appeal No. 15831-15831A Case No. 2021-01540, 2021-01763 

[*1]In the Matter of Metropolitan Transportation Authority et al., Petitioners-Appellants,
v
Westfield Fulton Center, LLC, Respondent-Respondent. 

Ingram Yuzek Gainen Carroll & Bertolotti, LLP, New York (John G. Nicolich of counsel), for appellants.
Blank Rome LLP, New York (Harris N. Cogan of counsel), for respondent.

Judgment, Supreme Court, New York County (Joel M. Cohen, J.), entered May 7, 2021, dismissing petitioners Metropolitan Transportation Authority and New York City Transit Authority's (together, MTA) petition for a stay of arbitration, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered on or about April 23, 2021, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Supreme Court correctly reached the issue of whether the claims asserted by respondent Westfield Fulton Center, LLC came within the scope of the arbitration provisions in the parties' lease. Although there are several provisions in the lease directing that the parties arbitrate specific substantive disputes, including section 3.1 upon which Westfield relies, there are no provisions stating "clearly and unmistakably" that the question of arbitrability is to be decided by the arbitrator (Zachariou v Manios, 68 AD3d 539, 539 [1st Dept 2009]).
The court correctly dismissed MTA's petition to stay the arbitration. Although Section 3.1 of the lease contains a narrow arbitration clause, the allegations in Westfield's statement of claim, broadly construed, all relate to "whether Substantial Completion or Final Completion has occurred." Accordingly, the court correctly concluded that respondent's claims triggered the arbitration clause. Further, even if some of the relief requested in the arbitration appears to fall outside the narrow arbitration clause, that alone is not a basis to stay the arbitration as long as "the fashioning of some relief on the issue sought to be arbitrated remains within the arbitrator's power" (Zachariou, 68 AD3d at 540 [internal quotation marks omitted]). This includes Westfield's request for attorneys' fees under section 23.1 of the lease, should it ultimately prevail at arbitration.
The Decision and Order of this Court entered herein on April 28, 2022 is hereby recalled and vacated (see M-02160 decided simultaneously herewith).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: August 23, 2022