## Suncroft Capital, LLC v Local.House Intl., Inc.

2025 NY Slip Op 31652(U)

May 5, 2025

Supreme Court, New York County

Docket Number: Index No. 659060/2024

Judge: Andrew Borrok

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 53

-----------------------------------------------------------------------------------X

SUNCROFT CAPITAL, LLC,AUERBACH OPPORTUNITY
FUND III, LP, PS OPCO LLC

|  |  |
|---|---|
| **INDEX NO.** | 659060/2024 |

Plaintiff,

|  |  |
|---|---|
| **MOTION DATE** | 12/27/2024 |

- v -

|  |  |
|---|---|
| **MOTION SEQ. NO.** | 002 |

LOCAL.HOUSE INTERNATIONAL, INC.,LH 1700 S PALM
CANYON DR MANAGER LLC,LH DESIGN SERVICES
LLC,

**DECISION + ORDER ON
MOTION**

Defendant.

-----------------------------------------------------------------------------------X

HON. ANDREW BORROK:

The following e-filed documents, listed by NYSCEF document number (Motion 002) 30, 31, 32, 33, 34, 35, 36, 37, 38, 39

were read on this motion to/for          COMPEL ARBITRATION                                              .

Upon the foregoing documents and for the reasons set forth on the record (*tr.* 5.5.25) and below,

Local.House International, Inc. (**Local.House**), LH 1700 S Palm Canyon Dr Manager LLC (**LH**

**1700**), and LH Design Services LLC (**LH Design**, and together with Local.House and LH 1700,

collectively, **Life House**)'s motion to (i) compel arbitration with Suncroft Capital, LLC

(**Suncroft**), Auerbach Opportunity Fund III, LP (**Auerbach**), and PS OpCo LLC (**PS OpCo**, and

together with Suncroft and Auerbach, collectively, the **Plaintiffs**) and (ii) stay the instant

litigation is GRANTED.

Simply put, and as discussed, the parties agreed subject to certain limited carve-outs to broadly

arbitrate their disputes. Given the Stipulation (the **Stipulation;** NYSCEF Doc. No. 28) entered

into between the parties, none of those exceptions to the agreement to arbitrate are at issue in this

case at this time.  To be sure, were there a breach of the Stipulation, or any of the subdivisions of

659060/2024   SUNCROFT CAPITAL, LLC ET AL vs. LOCAL.HOUSE INTERNATIONAL, INC. ET AL
Motion No.  002

Page 1 of 6

1 of 6

[* 1]

the fifth cause of action still at issue (other than the final one for which money damages is sought), adjudication of those claims in this Court would be appropriate. However, as of now, the relief sought based on the conduct asserted in the first four causes of action, all sound in money damages and do not otherwise fall within one of the exceptions to the agreement to arbitrate. As such, the action must be STAYED in favor the agreement between the parties to arbitrate.

More specifically, a motion to compel arbitration should be granted where the dispute arises from an agreement that contains a broad arbitration clause requiring that all disputes arising thereunder be submitted to arbitration (*Serino v Lipper*, 55 AD3d 472, 472 [1st Dept 2008]).

Reference is made to (i) a certain Hotel Management Agreement (the **HMA**; NYSCEF Doc. No. 13), dated November 16, 2021, by and between LH 1700 and PS OpCo. (ii) a certain Design Services Agreement (the **DSA**; NYSCEF Doc. No. 14), dated November 16, 2021, by and between LH Design and PS OpCo, (iii) a certain Procurement Services Agreement (the **PSA**; NYSCEF Doc. No. 15), dated November 16, 2021, by and between LH Design and PS OpCo, and (iv) a certain Technical Services Agreement (the **TSA**; NYSCEF Doc. No. 16, and together with the HMA, the DSA, and the PSA, collectively, hereinafter, the **Hotel Agreements**), dated November 16, 2021, by and between LH Design and PS OpCo.

Pursuant to the Hotel Agreements, the Plaintiffs, real estate investment and private equity entities that own hotels, engaged Life House, entities that manage, design, and operate hotels, to provide certain services regarding a hotel in Palm Springs, California (the **Hotel**). Each of the Hotel

659060/2024  SUNCROFT CAPITAL, LLC ET AL vs. LOCAL.HOUSE INTERNATIONAL, INC. ET AL
Motion No.  002

Page 2 of 6

2 of 6

Agreements contains a broad arbitration clause requiring that all disputes relating to the Hotel

Agreements, except for two narrow exceptions, be submitted to arbitration:

> 17.2.1 <u>Disputes Subject to Arbitration</u>. Except for (i) those matters subject to resolution by an Expert described in <u>Section 17.1</u> above, and (ii) any Litigation Claims, the parties shall resolve all disputes that may arise in connection with this Agreement through final and binding arbitration (without appeal or review), which shall be administered by an independent arbitration tribunal comprised of three (3) arbitrators selected in accordance with <u>Section 17.2.2</u> below (the "<u>Arbitration Tribunal</u>"). The arbitration shall be administered by the American Arbitration Association and the arbitration shall be conducted in accordance with the Commercial Arbitration Rules of the American Arbitration Association, except to the extent inconsistent with this Agreement.

(*e.g.*, NYSCEF Doc. No. 13 § 17.2.1). The parties do not dispute that the claims asserted do not

involve clause (i) of Section 17.2.1. Previously, the fifth cause of action seeking injunctive relief

did however invoke clause (ii).[1]

Litigation Claims is defined as follows:

> "<u>Litigation Claims</u>": Any claims **solely** relating to: (i) preserving or protecting proprietary or confidential information, (ii) emergency or injunctive relief, (iii) the enforcement of the dispute resolution provisions of this Agreement, or (iv) the enforcement of the decision and/or award by any Expert or Arbitrator hereunder.

(*id.* at 58 [emphasis added]).

The first cause of action is for fraudulent inducement and seeks direct and consequential

damages (NYSCEF Doc. No. 1 ¶¶ 125-131). The second cause of action is for breach of

contract and seeks money damages (*id.* ¶¶ 132-135). The third cause of action is for breach of

good faith and fair dealing and seeks money damages (*id.* ¶¶ 136-140). The fourth cause of

---

[1] *See* NYSCEF Doc. No. 28. The Stipulation has very detailed specific obligations which effectuate a turnover.

**659060/2024   SUNCROFT CAPITAL, LLC ET AL vs. LOCAL.HOUSE INTERNATIONAL, INC. ET AL**                **Page 3 of 6**
**Motion No.  002**

[* 3]

3 of 6

action is for breach of fiduciary duty and seeks money damages (*id.* ¶¶ 141-145). The fifth cause of action is for injunctive relief and seeks an order directing Life House to (A) vacate the property, (B) turn over possession of property to the Plaintiffs, (C) turn over control of the Hotel's OTA accounts to the Plaintiffs, (D) relinquish control over or access to any ban accounts currently used by Life House in connection with the Hotel, and (E) comply with the terms and provisions of the Hotel Agreements (*id.* ¶¶ 146-149).

At oral argument, the Plaintiffs confirmed that subsections A through D of the fifth cause of action have been resolved and that only the E subsection remains at issue. For this, the Plaintiffs do not seek injunctive relief even through the relief is styled under that cause of action. The Plaintiffs seek money damages. Thus, Life House argues that the case must be stayed and the case pursuant to the parties' agreement sent to arbitration.

In their opposition papers, among other things, the Plaintiffs argue that (i) they have not dismissed their fifth cause of action such that the Litigation Claims exception applies and (ii) Suncroft and Auerbach cannot be compelled to arbitrate because they are not signatories to the Hotel Agreements. The arguments fail.

As discussed above, significantly, the Plaintiffs do not allege a breach of the Stipulation or otherwise continue to seek injunctive relief. Thus, it is irrelevant that they have not voluntarily dismissed the fifth cause of action. The Plaintiffs take the view that Suncroft and Auerbach (who are not signatories to the Hotel Agreements) were fraudulently induced to enter those agreements. Having taken that view that they were induced to enter those agreements (but not

659060/2024   SUNCROFT CAPITAL, LLC ET AL vs. LOCAL.HOUSE INTERNATIONAL, INC. ET AL
Motion No.  002

Page 4 of 6

that they were fraudulent induced to agree to arbitrate), they cannot simply disavow those agreements for the purpose of avoiding arbitration. In other words, they can not have it both ways.

In addition, on the record before the Court, Suncroft and Auerbach (i) failed to object to the Hotel Agreements, (ii) offer no persuasive reason for their inaction, and (iii) knowingly accepted the benefits of the Hotel Agreements (*see Deloitte Noraaudit A/S v Deloitte Hasins & Sells, U.S.*, 9 F3d 1060, 1064 [2d Cir. 1993]). The record thus establishes that Life House's services were engaged and delivered with the understanding that disputes between the parties as to Life House's services under the Hotel Agreements would be arbitrated such that the Plaintiffs are bound by the Hotel Agreements' mandatory arbitration provisions (*see Deloitte Noraaudit*, 9 F3d 1060; *Arrowhead Golf Club, LLC v Bryan Cave, LLP*, 59 AD3d 347 [1st Dept 2009]; *Glover v Bob's Discount Furniture, LLC*, 621 F Supp 3d 442 [SDNY 2022]). As such, the motion to compel arbitration is granted.

The Court has considered the parties' remaining arguments and finds them unavailing.

Accordingly, it is hereby

ORDERED that Life House's motion to compel arbitration and to stay this action is GRANTED; and it is further

659060/2024   SUNCROFT CAPITAL, LLC ET AL vs. LOCAL.HOUSE INTERNATIONAL, INC. ET AL
Motion No.  002

Page 5 of 6

5 of 6

ORDERED that the parties shall arbitrate all claims in this matter in accordance with the Hotel Agreements; and it is further

ORDERED that all proceedings in this action are hereby stayed, except for an application to vacate or modify said stay; and it is further

ORDERED that either party may make an application by order to show cause to vacate or modify this stay upon the final determination of the arbitration; and it is further

ORDERED that Life House is directed to serve a copy of this order with notice of entry on the Clerk of the General Clerk's Office (60 Centre Street, Room 119) within ten days from entry, and the Clerk shall mark this matter stayed as herein provided; and it is further

ORDERED that such service upon the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases (accessible at the "E-Filing" page on the court's website).

20250505123017ABORROK30D4BD6424C7A6DA9F83C25103657ABF

| **5/5/2025** | | | | |
|---|---|---|---|---|
| **DATE** | | | | **ANDREW BORROK, J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**659060/2024   SUNCROFT CAPITAL, LLC ET AL vs. LOCAL.HOUSE INTERNATIONAL, INC. ET AL**          **Page 6 of 6**

**Motion No.  002**

[* 6]